**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JEFF HOOGERHUIS,

    Plaintiff,

vs.                                                                         No. CIV 20-0435 JB/CG

DR. BIRNBAUM; DR. CASTRAJON;
DR. BOYNTON; R.N. PLEASANT;
M. ORTEGA; JANE DOE 1; JANE
DOE 2; JOHN DOE; M. VALIRIANO
and E. FRANCO,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on (i) Plaintiff Jeff Hoogerhuis' Complaint (Tort), filed May 6, 2020 (Doc. 1-1)("Complaint"), under 28 U.S.C. § 1915A; and (ii) Defendant Karen Pleasant's Motion to Dismiss for Failure to State a Claim on Which Relief can be Granted, filed May 13, 2020 (Doc. 5)("MTD"). The Court concludes that it will: (i) dismiss the Complaint without prejudice for failure to state a claim upon which relief can be granted; (ii) grant in part and deny it in part the MTD; and (iii) grant Hoogerhuis leave to file an amended complaint within thirty days after this Memorandum Opinion and Order's ("MOO") entry.

**FACTUAL AND PROCEDURAL BACKGROUND**

Hoogerhuis is a prisoner in the New Mexico Department of Corrections' custody. See Complaint ¶ I(3), at 1. Hoogerhuis filed his Complaint in the Fifth Judicial District Court, Lea County, State of New Mexico, on December 10, 2019. See Complaint ¶ I(2), at 1. The Complaint was docketed as Fifth Judicial District cause no. D-506-CV-2019-02041. See Complaint at 1.

Pleasant[1] removed the case on May 6, 2020, arguing that the "Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as the Complaint alleges claims for violations of federal rights."  Notice of Removal at 2, filed May 6, 2020 (Doc. 1).  Pleasant states: "Plaintiff's Complaint, as amended, alleges deliberate indifference and violations to his due process rights under the Fourteenth Amendment and the Eighth Amendment to the U.S. Constitution, as well as state court claims."  Notice of Removal at 2 (citing the Complaint).

Hoogerhuis alleges that, in late December 2017, he suffered a sinus infection while incarcerated at Lea County Correctional Facility.  See Complaint ¶ I(14), at 2.  Hoogerhuis alleges that he was examined by Defendant Dr. Birnbaum, a contract prison doctor, and that Hoogerhuis requested that Dr. Birnbaum prescribe antibiotics, but Dr. Birnbaum declined to give him antibiotics.  See Complaint ¶ I(15), at 2.  Hoogerhuis alleges that his sinus infection turned into Guillain-Barré Syndrome ("GBS").[2]  Complaint ¶ I(15), at 2.

On January 18, 2017, Hoogerhuis alleges that he went to the prison medical unit complaining of severe pain, muscle weakness, and difficulty swallowing.  See Complaint ¶ IV(18), at 5.  Hoogerhuis alleges that he saw Pleasant, a Registered Nurse ("RN"), and alleges that she accused him of "malingering."  Complaint ¶¶ IV(19-26), at 5-6.  On January 20, 2017, Pleasant again saw Hoogerhuis and contacted Defendant Dr. Boynton or Defendant Dr. Castrajon, who ordered Hoogerhuis to be admitted to the prison medical unit.  See Complaint ¶¶ IV(15-28), at 6-

---

[1] Defendant Karen Pleasant explains that she is "improperly named as 'RN Pleasant' in the Complaint."  MTD at 1.

[2] GBS is a rare condition in which the body's immune system attacks the nerves.  See Complaint ¶ I(16), at 2; Guillain-Barré Syndrome, Centers for Disease Control and Prevention, www.cdc.gov/campylobacter/guillain-barre.html (last visited March 17, 2021).  Although medical evidence suggests that infection plays a role, the cause of GBS is unclear.  See Guillain-Barré Syndrome, Centers for Disease Control and Prevention, www.cdc.gov/campylobacter/guillain-barre.html (last visited March 17, 2021).

7. On January 23, 2017, Hoogerhuis saw Dr. Castrajon, who ordered that Hoogerhuis be taken to the local hospital. See Complaint ¶ IV(35), at 8. Later that same day, Hoogerhuis was flown from the Lea County hospital in Hobbs, New Mexico, to Presbyterian Hospital in Albuquerque, New Mexico. See Complaint ¶ IV(36), at 8. On February 3, 2017, Hoogerhuis was taken from Presbyterian Hospital to the long-term care facility at Central New Mexico Correctional Facility. See Complaint ¶ IV(38), at 8. On March 3, 2017, Hoogerhuis was returned to Lea County Correctional Facility. See Complaint ¶ IV(39), at 9.

Hoogerhuis further alleges that, after his return to Lea County Correctional Facility, Defendant Health Services Administrator Mr. Ortega refused to provide him with diabetic orthopedic shoes despite his feet swelling and his regular shoes causing him pain. See Complaint ¶ IV(42), at 9. Hoogerhuis filed an informal complaint followed by a second grievance, both of which Defendant Grievance Officer Valiriano denied. See Complaint ¶¶ IV(43-45), at 9-10. Hoogerhuis appealed the denials to the New Mexico Department of Corrections and Defendant Director of Adult Prisons Mr. Franco denied his appeal. See Complaint ¶¶ IV(43-45), at 9-10.

In his Complaint, Hoogerhuis asserts one claim: "Deliberate indifference to serious medical needs which denied Plaintiff adequate medical care under the Eighth Amendment, U.S. Constitution." Complaint ¶¶ I(1), at 1. Hoogerhuis seeks: (i) a declaratory judgment that the Defendants' actions constitute deliberate indifference and violate the Eighth Amendment; (ii) injunctive relief that the Defendants provide Hoogerhuis with a proper evaluation of his medical condition and treatment for GBS including diabetic orthopedic shoes; (iii) compensatory damages in the amount of $400,000.00; and (iv) and punitive damages in the amount of $350,000.00. See Complaint ¶ V(48-54), at 11-12.

Following removal to this Court, Pleasant filed her MTD. See MTD at 1. Pleasant argues

that Hoogerhuis' allegations are insufficient to state an Eighth Amendment claim for relief. See MTD at 7-10. Pleasant asks the Court to dismiss the claims against her, with prejudice. See MTD at 10.

## **LAW ON THE STANDARDS FOR FAILURE TO STATE A CLAIM**

A court has the discretion to dismiss a complaint sua sponte for failure to state a claim upon which relief may be granted under rule 12(b)(6). See Fed. R. Civ. P. 12(b)(6). Under rule 12(b)(6), the court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)("Twombly"); Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Oklahoma Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. See Twombly, 550 U.S. at 570.

In reviewing a pro se complaint, the court liberally construes the factual allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. See Hall v. Bellmon, 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider

whether to allow plaintiff an opportunity to amend the complaint.  See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990).  Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings.  See Reynoldson v. Shillinger, 907 F.2d at 126.  The opportunity to amend should be granted unless amendment would be futile.  See Hall v. Bellmon, 935 F.2d at 1109.  An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) standards.  See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004).

## LAW GOVERNING CIVIL RIGHTS CLAIMS UNDER 42 U.S.C. § 1983

Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution.  See Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Albright v. Oliver, 510 U.S. 266, 271 (1994)(stating that § 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); Bolden v. City of Topeka, 441 F.3d 1129 (10th Cir. 2006).  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

A state is not a "person" within the meaning of 42 U.S.C. § 1983, and, therefore, there is no remedy against states under § 1983.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 63-64 (1989).  Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights."  Brown v. Buhman, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016)(quotation marks omitted).  It does not abrogate the states' sovereign immunity, and the states, their agencies, and their officials who are sued solely in their official capacity do not qualify as "persons" under § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. at 67, 71.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by

government officials acting under color of law that result in a deprivation of rights which the Constitution of the United States secures.  See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988).  There must be a connection between official conduct and violation of a constitutional right.  Conduct that is not connected to a constitutional violation is not actionable under § 1983.  See Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Ramos must allege some identified official's personal involvement in the alleged constitutional violation to succeed under § 1983.  See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).  To hold private entities acting under color of state law or county entities liable under § 1983, a plaintiff must allege a policy or custom, and a direct causal link between the policy or custom and the injury alleged.  See Hinton v. City of Elwood, Kan., 997 F.2d 774, 782 (10th Cir. 1993); Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2010).

In a § 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008)(emphasis in the original).  Nor do generalized statements that the defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief.  See Robbins v. Oklahoma, 519 F.3d at 1249-50.

### LAW REGARDING ACTION UNDER COLOR OF STATE LAW

Under § 1983, liability attaches only to conduct occurring "under color of law."  Thus, the

only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988)(quoting Monroe v. Pape, 365 U.S. 167, 172 (1961)). Accordingly, the conduct that constitutes state action under the Fourth Amendment and the Fourteenth Amendment to the Constitution of the United States necessarily constitutes conduct "under color of law" pursuant to § 1983. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 (1982); Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Polk Cty. v. Dodson, 454 U.S. 312, 317-18 (1981).

A showing that the defendants were acting "under color of state law" is a jurisdictional prerequisite for a § 1983 action. Polk Cty. v. Dodson, 454 U.S. at 315. The only proper defendants in a § 1983 claim are state officials. See Gallagher v. Neil Young Freedom Concert, 49 F.3d at 1447. To establish subject-matter jurisdiction for a civil rights action, the plaintiff must show that the defendant acted under color of state law. See 28 U.S.C. § 1343(3).

**LAW REGARDING EIGHTH AMENDMENT CLAIMS FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS**

The Eighth Amendment protects against the infliction of cruel and unusual punishments. See U.S. Const. Amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment encompasses deliberate indifference by prison officials. See Howard v. Waide, 534 F.3d 1227, 1235 (10th Cir. 2008)(citing Estelle v. Gamble, 429 U.S. 97, 105 (1976)). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain that the Eighth Amendment proscribes. Prison doctors may manifest deliberate indifference in their response to a prisoner's needs, and prison guards may manifest deliberate

indifference by intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. "Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. at 105.

Determining the sufficiency of an Eighth Amendment claim for deliberate indifference involves a two-pronged inquiry, comprised of an objective component and a subjective component. See Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006). With respect to the objective component, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)(internal quotation and citation omitted). The question extends to whether the potential harm to the inmate is sufficiently serious. See Mata v. Saiz, 427 F.3d 745, 752 (10th Cir. 2005).

Under the subjective component, the defendant must have a sufficiently culpable state of mind. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). See also Self v. Crum, 439 F.3d at 1230-31. In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)(internal citation and quotation omitted). With regard to the subjective component, the court considers whether there were "symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" Martinez v. Beggs, 563 F.3d 1082, 1089 (10th Cir. 2009)(quoting Mata v. Saiz, 427 F.3d at 753). An official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm, but knowingly or recklessly declined to act. Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody.

See Howard v. Waide, 534 F.3d at 1239-40.

Prison officials who knew of a substantial risk to inmate health or safety may be found free from liability, however, if they responded reasonably to the risk, even if the harm ultimately was not averted. Howard v. Waide, 534 F.3d at 1239 (quoting Farmer v. Brennan, 511 U.S. at 844-45). Accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition, does not constitute a medical wrong under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. at 105-06. Moreover, a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment that the inmate receives does not support a claim of cruel and unusual punishment. See, e.g., Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976); Self v. Crum, 439 F.3d at 1231; Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002). A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation. See Taylor v. Ortiz, 410 F. App'x 76, 79 (10th Cir. 2010)(unpublished).[3]

## ANALYSIS

Hoogerhuis filed his Complaint on a New Mexico state form for claims under the New

---

[3]Taylor v. Ortiz is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds Taylor v. Ortiz has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

N/A
N/A

Mexico Tort Claims Act, N.M.S.A. §§ 41-4-1 to -27.  See Complaint at 1.  In his Complaint, however, Hoogerhuis alleges violation of his rights under the Eighth Amendment.  See Complaint at 1.  The Complaint does not expressly allege causes of action under 42 U.S.C. § 1983.  See Complaint at 1-12.  Section 1983, however, is the exclusive vehicle for vindication of substantive rights under the Constitution.  See Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Albright v. Oliver, 510 U.S. 266, 271 (1994)(concluding that § 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); Bolden v. City of Topeka, 441 F.3d 1129 (10th Cir. 2006).  The Court, therefore, construes Hoogerhuis' claims for violation of rights under the Constitution as civil rights claims brought under 42 U.S.C. § 1983.  The Court concludes that (i) the Complaint's allegations do not state an Eighth Amendment claim; and (ii) it will grant Hoogerhuis leave to amend the Complaint.

**I.  THE COMPLAINT'S ALLEGATIONS DO NOT STATE AN EIGHTH AMENDMENT CLAIM.**

Hoogerhuis name, as Defendants, Dr. Birnbaum, Dr. Boynton, Dr. Castrajon, Pleasant, Health Services Administrator Mr. Ortega, Nurse Jane Doe 1, Nurse Jane Doe 2, Correctional Officer John Doe, Grievance Officer Mr. Valiriano, and Director of Adult Prisons Mr. Franco.  See Complaint ¶¶ I(4-13), at 2-4.  The Complaint's allegations do not state a plausible claim that any Defendant was deliberately indifferent to Hoogerhuis' medical needs.  See Twombly, 550 U.S. at 570.

**A.  THE COMPLAINT'S ALLEGATIONS DO NOT STATE A PLAUSIBLE CLAIM THAT DR. BIRNBAUM, DR. CASTRAJON, OR DR. BOYNTON WERE DELIBERATELY INDIFFERENT.**

Hoogerhuis alleges that Dr. Birnbaum was a medical doctor employed by Centurian LLC at Lea County Correctional Facility.  See Complaint ¶¶ I(4-13), at 2.  Hoogerhuis alleges that Dr. Birnbaum examined him for a sinus infection in late 2016, but refused to prescribe antibiotics as

Hoogerhuis requested.  See Complaint ¶ I(15), at 2.

Although it is unclear from the record when Hoogerhuis was diagnosed with GBS or who made the diagnosis, Hoogerhuis does not allege that he had GBS in late 2016 or that Dr. Birnbaum was aware that Hoogerhuis had any serious medical condition.  See Complaint ¶ I(15), at 2. Further, nothing in the Complaint's allegations demonstrate that Dr. Birnbaum knew that Hoogerhuis faced a substantial risk of harm and deliberately chose to ignore it.  See Martinez v. Beggs, 563 F.3d at 1089; Ramos v. Lamm, 639 F.2d at 575.

The showing required to give rise to a cognizable Eighth Amendment violation is deliberate refusal to provide medical attention as opposed to a refusal to provide particular course of treatment.  See Callahan v. Poppell, 471 F.3d 1155, 1160 (10th Cir. 2006); Green v. Branson, 108 F.3d 1296, 1304 (10th Cir.1997). The Complaint's allegations raise no more than an inference that Dr. Birnbaum inadvertently or negligently failed to diagnose or treat a sinus infection.  See Complaint ¶ I(15), at 2.  These allegations are not sufficient to state an Eighth Amendment claim for deliberate indifference to serious medical needs.  See Estelle v. Gamble, 429 U.S. at 104-05; Taylor v. Ortiz, 410 F. App'x at 79.  A difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment that the inmate receives does not support a claim of cruel and unusual punishment. See, e.g., Smart v. Villar, 547 F.2d at 114; Self v. Crum, 439 F.3d at 1231; Thompson v. Gibson, 289 F.3d at 1222.  A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation.  See Taylor v. Ortiz, 410 F. App'x at 79.

Hoogerhuis names a Centurion LLC medical employee, Dr. Boynton, as a Defendant.  See Complaint ¶ III(6), at 3.  The Complaint alleges that Dr. Boynton may have admitted Hoogerhuis to the Lea County Correctional Facility medical unit on January 20, 2017.   See Complaint

¶ IV(28), at 7.  The Complaint also alleges that, while in the medical unit, Dr. Boynton ordered x-rays of Hoogerhuis, which Hoogerhuis claims were unnecessary.  See Complaint ¶ IV(29), at 7.  The allegations are insufficient to show that Dr. Boynton knew that Hoogerhuis faced a substantial risk of harm and deliberately chose to ignore it.  See Hunt v. Uphoff, 199 F.3d at 1224.  To the contrary, the allegations suggest that Dr. Boynton was concerned for Hoogerhuis' health and took steps to address those concerns.  See Howard v. Waide, 534 F.3d at 1239-40.  The Court concludes that the Complaint does not state an Eighth Amendment claim for relief against Dr. Boynton.  See Self v. Crum, 439 F.3d at 1230-31.

Next, Hoogerhuis alleges that it was either Dr. Castrajon or Dr. Boynton that admitted him to the prison medical unit on January 20, 2017.  See Complaint ¶ IV(28), at 7.  Hoogerhuis also alleges that Dr. Castrajon examined Hoogerhuis on January 23, 2017, and ordered that he be taken to the Lea County Hospital.  See Complaint ¶ IV(35), at 8.  The Complaint's allegations suggest that Dr. Castrajon was sufficiently concerned for Hoogerhuis' health to the extent that he ordered him transferred from the prison to the hospital.  See Complaint ¶ IV(35), at 8.  The allegations do not show that Dr. Castrajon recklessly chose to ignore Hoogerhuis' medical needs.  See Hunt v. Uphoff, 199 F.3d at 1224; Martinez v. Beggs, 563 F.3d at 1089.  The Court concludes that the Complaint does not state a § 1983 claim of deliberate indifference to serious medical needs against Dr. Castrajon.  See Farmer v. Brennan, 511 U.S. at 834.

**B.  THE COMPLAINT'S ALLEGATIONS DO NOT STATE PLAUSIBLE EIGHTH AMENDMENT CLAIMS AGAINST ORTEGA, JANE AND JOHN DOES, VALIRIANO, AND FRANCO.**

In the Complaint, Hoogerhuis alleges that Ortega refused to provide diabetic orthopedic shoes for Hoogerhuis, despite his feet swelling and his regular shoes causing him pain.  See Complaint ¶ IV(42), at 9.  Hoogerhuis does not state whether Ortega is a healthcare provider or whether any doctor ordered diabetic orthopedic shoes for Hoogerhuis.  See Complaint at 1-12.

The denial of diabetic orthopedic shoes, alone, is not sufficient to state an Eighth Amendment deliberate indifference claim against Ortega under either the objective component or the subjective component. See Self v. Crum, 439 F.3d at 1230. Even if Hoogerhuis does not receive the particular treatment or care that he requests, that does not mean that prison officials have been deliberately indifferent to his medical needs. See Callahan v. Poppell, 471 F.3d at 1160; Green v. Branson, 108 F.3d at 1304; Taylor v. Ortiz, 410 F. App'x at 79 (concluding that a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation). The Court concludes that the Complaint does not state an Eighth Amendment claim for relief against Ortega. See Farmer v. Brennan, 511 U.S. at 834.

Hoogerhuis also identifies Nurse Jane Doe 1, Nurse Jane Doe 2, and Correctional Officer John Doe as Defendants. See Complaint ¶¶ III(9-11), at 3. Although the Complaint's allegations suggest that Hoogerhuis may have had interactions with nurses or correctional officers, he does not allege any actions on their part demonstrating that they knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate the harm. See Hunt v. Uphoff, 199 F.3d at 1224. The Court concludes that the Complaint does not state a § 1983 claim for violation of the Eighth Amendment by any Jane Doe or John Doe Defendant.

In the Complaint, Hoogerhuis alleges that Valiriano denied an informal complaint and a grievance that Hoogerhuis submitted. See Complaint ¶¶ IV(43-45), at 9-10. Hoogerhuis does not specify his claims' substance in the informal complaint or the grievance and does not articulate the reasons for Valiriano's denials. See Complaint ¶¶ IV(43-45), at 9-10. The only claim that Hoogerhuis brings against Valiriano is for deliberate indifference to serious medical needs in violation of the Eighth Amendment. See Complaint ¶ I(1), at 1. Valiriano is not a healthcare provider and the Complaint's allegations do not indicate how Valiriano's denials of grievances

constituted deliberate indifference to Hoogerhuis' serious medical needs. See Howard v. Waide, 534 F.3d at 1239-40. The Court concludes that the Complaint does not state a civil rights claim against Valiriano. See Estelle v. Gamble, 429 U.S. at 104-05.

Last, Hoogerhuis alleges that Franco denied appeals of Plaintiff's grievances. See Complaint ¶¶ IV(46), at 10. Like Valiriano, Franco is not a healthcare provider and the Complaint's allegations do not explain how Franco's denial of grievances appeals constituted deliberate indifference to serious medical needs. See Howard v. Waide, 534 F.3d at 1239-40. The Court concludes that the Complaint does not state a civil rights claim against Franco. See Estelle v. Gamble, 429 U.S. at 104-05. To the extent the Complaint asserts only a claim against Franco acting in his official capacity as Director of Adult Prisons, Franco is not a "person" for purposes of § 1983. See Brown v. Buhman, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." Brown v. Buhman, 822 F.3d at 1161 n.9 (quotation marks omitted). Section 1983 does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 67, 71 (1989); Wood v. Milyard, 414 F. App'x 103, 105 (10th Cir. 2011)(unpublished). The claims against Franco in his official capacity are claims against the State of New Mexico. See Will v. Michigan Dep't of State Police, 491 U.S. at 67, 71; Wood v. Milyard, 414 F. App'x at 105. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. at 63-64. The Court concludes that the official capacity claims against Franco will be dismissed. See Will v. Michigan Dep't of State Police, 491 U.S. at 63-64.

### C. THE COMPLAINT DOES NOT STATE AN EIGHTH AMENDMENT CLAIM AGAINST PLEASANT.

In her MTD, Pleasant argues that the Complaint's allegations are not sufficient to state an Eighth Amendment claim of deliberate indifference to serious medical needs against her. See MTD at 7-10. Pleasant seeks dismissal of the claims against her, with prejudice, under Fed. R. Civ. P. 12(b)(6). See MTD at 10. The Court will grant the Motion, in part, and will dismiss the claims against Pleasant for failure to state a claim on which relief can be granted. The Court will, however, deny Pleasant's request for dismissal with prejudice and will grant Hoogerhuis an opportunity to file an amended complaint.

Hoogerhuis alleges that Pleasant is a "gateway nurse" employed at the Lea County Correctional Facility. Complaint ¶ III(7), at 3. Hoogerhuis alleges that he was seen by Pleasant around January 18, 2017, for complaints of severe pain, muscle weakness, and difficulty swallowing. See Complaint ¶¶ IV(18-19), at 5. Hoogerhuis alleges Pleasant accused him of malingering. See Complaint ¶ IV(26), at 6. Hoogerhuis also alleges that, when he saw Pleasant again on January 20, 2017, she contacted Dr. Boynton or Dr. Castrajon, who ordered that Hoogerhuis be admitted to the Lea County Correctional Facility medical unit. See Complaint ¶ IV(25), at 6. The Complaint does not state when Hoogerhuis was diagnosed with GBS. See Complaint at 1-12. The Court concludes that the Complaint's allegations are insufficient to show that Pleasant knew Hoogerhuis had any serious medical condition. See Ramos v. Lamm, 639 F.2d at 575. The Complaint does not show that Pleasant knew Hoogerhuis faced a substantial risk of harm, nor is it sufficient to show that she culpably acted with deliberate indifference to such a risk. See Hunt v. Uphoff, 199 F.3d at 1224; Martinez v. Beggs, 563 F.3d at 1089. The Court concludes, therefore, that the Complaint does not state an Eighth Amendment for deliberate indifference claim against Pleasant and the Court will dismiss the § 1983 claims against Pleasant without prejudice

under rule 12(b)(6) for failure to state a claim on which relief can be granted.

## II. THE COURT WILL GRANT HOOGERHUIS LEAVE TO AMEND THE COMPLAINT.

Generally, a pro se plaintiff should be given a reasonable opportunity to remedy defects in his pleading.  See Reynoldson v. Shillinger, 907 F.2d at 126 ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.").  The Court will, therefore, grant Hoogerhuis leave to file an amended complaint within thirty days after entry of this MOO.  The Court will defer any evaluation of the state law claims until Hoogerhuis states a cognizable federal claim so that the Court can properly exercise supplemental jurisdiction. Hoogerhuis should include all claims he has in the amended complaint, including more information about his state law claims that he wishes to pursue.  See  Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1215 (10th Cir. 2011)("'It is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her.'")(quoting Robbins v. Okla. ex rel. Dep't of Human Servs., 519 F.3d 1242, 1250 (10th Cir. 2008)).  If Hoogerhuis does not file an amended complaint within the time that the Court allows, or if he does not file a sufficiently amended complaint under the rule 12(b)(6) standard, the Court may dismiss and remand this case with prejudice and without further notice.  See Bauchman v. W. High Sch., 132 F.3d 542, 549 (10th Cir. 1997)(concluding that federal courts should generally to decline supplemental jurisdiction over state law claims when no federal claims remain); Brooks v. Gaenzle, 614 F.3d 1213, 1229-30 (10th Cir. 2010)(same).

**IT IS ORDERED** that: (i) Plaintiff Jeff Hoogerhuis' Complaint (Tort), filed May 6, 2020 (Doc. 1-1), is dismissed without prejudice; (ii) Defendant Karen Pleasant's Motion to Dismiss for Failure to State a Claim on Which Relief can be Granted, filed May 13, 2020 (Doc. 5), is granted

in part and denied in part; (iii) Plaintiff Jeff Hoogerhuis is granted leave to file an amended complaint within thirty days of entry of this Memorandum Opinion and Order; and (iv) the Clerk of the Court is directed to mail a form prisoner civil rights complaint to Plaintiff Jeff Hoogerhuis together with a copy of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Jeff Hoogerhuis
Hobbs, New Mexico

*Plaintiff pro se*

Alfred A. Park
Taylor M. Lueras
Park & Associates, LLC
Albuquerque, New Mexico

*Attorneys for the Defendant Karen Pleasant*

April D. White
Yenson, Allen & Wosick, P.C.
Albuquerque, New Mexico

*Attorneys for the Defendant M. Valiriano*