# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JEFF HOOGERHUIS,

    Plaintiff,

v.                                                                  No. 20-cv-0435 MIS-KRS

FNU BIRNBAUM, *et al*,

    Defendants.

## ORDER OF DISMISSAL AND REMAND

    This matter is before the Court on Plaintiff Jeff Hoogerhuis' failure to amend his federal claims as directed. Plaintiff filed his original Tort Complaint (Doc. 1-1) in New Mexico's Fifth Judicial District Court. Construed liberally, the Complaint raises claims for deliberate indifference to medical needs under 42 U.S.C. § 1983 and claims under the New Mexico Tort Claims Act, N.M.S.A. § 41-4-1, *et. seq.* Defendant Pleasant removed the case to this Court and requested dismissal of all claims under Fed. R. Civ. P. 12(b)(6). *See* Doc. 5. The Court (Hon. James O. Browning) determined the Complaint fails to state a federal claim but granted leave to amend. *See* Doc. 9. The ruling warned that if Plaintiff fails to comply, the Court may dismiss all federal claims and remand the state claims without further notice. Plaintiff did not file an amended complaint by the April 23, 2021 deadline or otherwise respond to the ruling.

    When a complaint fails to state a claim, particularly in the context of *pro se* screening, courts have discretion to dismiss the matter with or without prejudice. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1726 (2020) (the Prison Litigation Reform Act "covers dismissals both with and without prejudice"); *Kershaw v. Colorado*, 390 Fed.

App'x 777, 778 (10th Cir. 2010) (noting in passing that the district court elected to dismiss frivolous prisoner complaint without prejudice). In light of Plaintiff's *pro se* status, and based on the nature of the allegations, the Court determines the federal claims should be dismissed without prejudice following his failure to amend. Plaintiff may ultimately obtain counsel, and counsel may elect to raise federal claims. The Court also declines to exercise supplemental jurisdiction over Plaintiff's state tort claims, as no federal issues remain. *See Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) (federal courts generally to decline supplemental jurisdiction over state law claims when federal claims are dismissed). All state claims will be remanded to New Mexico's Fifth Judicial District Court. Finally, the Court notes that the dismissal of Plaintiff's federal claims does not count as a strike for purposes of 28 U.S.C. § 1915(g). *See Woodson v. McCollum,* 875 F.3d 1304 (10th Cir. 2017) (three-strikes rule does not apply in a removed case).

**IT IS ORDERED** that all federal claims set forth in Plaintiff's Tort Complaint (**Doc. 1-1**) are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that all state claims in Plaintiff's Tort Complaint (**Doc. 1-1**) are **REMANDED** to New Mexico's Fifth Judicial District Court, County of Lea, Case No. D-506-CV-2019-2041; the Clerk's Office is hereby directed to take all necessary steps to remand this matter; and the Court will enter a separate judgment closing the case.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE